# UNITED STATES JUDICIAL PANEL
## on
# MULTIDISTRICT LITIGATION

## NOTICE OF HEARING SESSION

Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION:       **May 27, 2021**

LOCATION OF HEARING SESSION:   United States Judicial Panel on Multidistrict Litigation
                               Thurgood Marshall Federal Judiciary Building
                               One Columbus Circle, NE
                               Washington, DC  20544-0005

TIME OF HEARING SESSION:       **11:00 a.m.**

SCHEDULED MATTERS:  Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument **by videoconference or teleconference** and includes all actions encompassed by Motion(s) for transfer filed pursuant to Rules 6.1 and 6.2 and Orders to Show Cause filed pursuant to Rule 8.1(a).  Any party waiving oral argument pursuant to Rule 11.1(d) need not participate in the Hearing Session videoconference or teleconference.

- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c).  Parties and counsel involved in these matters need not participate in the Hearing Session.

ORAL ARGUMENT:

- **THE PANEL WILL HEAR ORAL ARGUMENT BY VIDEOCONFERENCE OR TELECONFERENCE.**  Further details regarding how the Hearing Session will be conducted—including sign-in information, allocation of argument times, and a mandatory training session for arguing attorneys—shall be provided after the filing of the parties' Notices of Presentation or Waiver of Oral Argument. Note that the training session is not mandatory for attorneys who previously have attended a training session.

-2-

- • The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument. The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district.

- • The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **May 3, 2021**. The procedures governing Panel oral argument (Panel Rule 11.1) are attached. The Panel strictly adheres to these procedures.

FOR THE PANEL:

John W. Nichols
Clerk of the Panel

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**HEARING SESSION ORDER**

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on May 27, 2021, the Panel will convene a hearing session in Washington, DC, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that, in light of the ongoing COVID-19 pandemic, the Panel will hear oral argument on the matters listed on Section A of the attached Schedule **by videoconference or teleconference**, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c).

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c).  The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

_Karen K. Caldwell_
Karen K. Caldwell
Chair

Catherine D. Perry       Nathaniel M. Gorton
Matthew F. Kennelly      David C. Norton
Roger T. Benitez         Dale A. Kimball

SCHEDULE OF MATTERS FOR HEARING SESSION
May 27, 2021 -- Washington, DC


## SECTION A
## MATTERS DESIGNATED FOR ORAL ARGUMENT


(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)


MDL No. 2990 − **IN RE: PALBOCICLIB ('730) PATENT LITIGATION (NO. II)**

Motion of plaintiffs Pfizer Inc., et al., to transfer the following actions to the United States District Court for the District of Delaware:

<u>District of Delaware</u>

PFIZER INC., ET AL. v. ALEMBIC PHARMACEUTICALS, INC., ET AL.,
  C.A. No. 1:20−01392
PFIZER INC., ET AL. v. CIPLA USA INC., ET AL., C.A. No.1:20−01393
PFIZER INC., ET AL. v. ZYDUS PHARMACEUTICALS (USA) INC., ET AL.,
  C.A. No. 1:20−01396
PFIZER INC., ET AL. v. SUN PHARMACEUTICAL INDUSTRIES, LTD., ET AL.
  C.A. No. 1:20−01407
PFIZER INC., ET AL. v. AUROBINDO PHARMA, LTD., ET AL., C.A. No. 1:20−01528
PFIZER INC., ET AL. v. DR. REDDY'S LABORATORIES, INC., ET AL.,
  C.A. No. 1:20−01530
PFIZER INC., ET AL. v. AIZANT DRUG RESEARCH SOLUTIONS PVT. LTD.,
  C.A. No. 1:21−00034
PFIZER INC., ET AL. v. NATCO PHARMA, INC., ET AL., C.A. No.1:21−00078
PFIZER INC., ET AL. v. MSN PHARMACEUTICALS INC., ET AL.,
  C.A. No. 1:21−00139

<u>Northern District of West Virginia</u>

PFIZER INC., ET AL. v. MYLAN PHARMACEUTICALS INC., ET AL.,
  C.A. No. 1:20−00244

MDL No. 2992 − **IN RE: BANK OF AMERICA CALIFORNIA UNEMPLOYMENT BENEFITS LITIGATION**

Motion of plaintiff Jennifer Yick to transfer the following actions to the United States District Court for the Northern District of California:

<u>Central District of California</u>

CHONG, ET AL. v. BANK OF AMERICA, N.A., C.A. No. 2:20−10052
ZOELLE, ET AL. v. BANK OF AMERICA, N.A., ET AL., C.A. No. 2:21−00518

<u>Eastern District of California</u>

WIGGINS v. BANK OF AMERICA, N.A., C.A. No. 2:21−00319

<u>Northern District of California</u>

YICK v. BANK OF AMERICA, N.A., C.A. No. 3:21−00376
RODRIGUEZ v. BANK OF AMERICA, N.A., C.A. No. 3:21−00494
WILLRICH v. BANK OF AMERICA, N.A., C.A. No. 3:21−00547
MCCLURE v. BANK OF AMERICA, N.A., C.A. No. 3:21−00572
OOSTHUIZEN, ET AL. v. BANK OF AMERICA, N.A., C.A. No. 3:21−00615
WILSON v. BANK OF AMERICA, N.A., C.A. No. 3:21−00699
MOSSON v. BANK OF AMERICA, N.A., C.A. No. 3:21−00743
CAJAS v. BANK OF AMERICA, N.A., C.A. No. 3:21−00869

MDL No. 2993 − **IN RE: CROP INPUTS ANTITRUST LITIGATION**

Motion of plaintiffs Barbara Piper, et al., to transfer the following actions to the United States District Court for the Southern District of Illinois:

<u>Southern District of Illinois</u>

PIPER v. BAYER CROPSCIENCE LP, ET AL., C.A. No. 3:21−00021
SWANSON v. BAYER CROPSCIENCE LP, ET AL., C.A. No. 3:21−00046
LEX v. BAYER CROPSCIENCE LP, ET AL., C.A. No. 3:21−00122
DUNCAN v. BAYER CROPSCIENCE LP, ET AL., C.A. No. 3:21−00158
JONES PLANTING CO. III v. BAYER CROPSCIENCE LP, ET AL.,
    C.A. No. 3:21−00173

CANJAR v. BAYER CROPSCIENCE LP, ET AL., C.A. No. 3:21−00181
VIENNA EQHO FARMS v. BAYER CROPSCIENCE, INC., ET AL.,
  C.A. No. 3:21−00204

    District of Kansas

BUDDE v. SYNGENTA CORPORATION, ET AL., C.A. No. 2:21−02095

    District of Minnesota

HANDWERK v. BAYER CROPSCIENCE LP, ET AL., C.A. No. 0:21−00351
FLATEN v. BAYER CROPSCIENCE LP, ET AL., C.A. No. 0:21−00404
RYAN BROS., INC., ET AL. v. BAYER CROPSCIENCE LP, ET AL.,
  C.A. No. 0:21−00433
PFAFF v. BAYER CROPSCIENCE LP, ET AL., C.A. No. 0:21−00462
CARLSON v. BAYER CROPSCIENCE LP, ET AL., C.A. No. 0:21−00475

MDL No. 2994 − **IN RE: MEDNAX SERVICES, INC., CUSTOMER DATA SECURITY BREACH LITIGATION**

    Motion of defendants Mednax Services, Inc.; Mednax, Inc.; Pediatrix Medical Group, Inc.; and Pediatrix Medical Group of Kansas, P.C. to transfer the following actions to the United States District Court for the Southern District of Florida:

    Southern District of California

RUMELY, ET AL. v. MEDNAX, INC., ET AL., C.A. No. 3:21−00152

    Southern District of Florida

DAVIS v. MEDNAX SERVICES, INC., C.A. No. 0:21−60347
COHEN v. MEDNAX SERVICES, INC., C.A. No. 1:21−20375

    Western District of Missouri

A.W. v. PEDIATRIX MEDICAL GROUP OF KANSAS, P.C., C.A. No. 4:21−00119

    District of South Carolina

NIELSEN, ET AL. v. MEDNAX, INC., ET AL., C.A. No. 4:21−00500

MDL No. 2995 − **IN RE: ALLIANZ STRUCTURED ALPHA FUNDS LITIGATION**

Motion of plaintiff The Board of Trustees of the San Diego County Construction Laborers'
Pension Trust Fund to transfer the following actions to the United States District Court for the
Southern District of New York:

<u>Southern District of California</u>

BOARD OF TRUSTEES OF THE SAN DIEGO COUNTY CONSTRUCTION
 LABORERS' PENSION TRUST FUND v. ALLIANZ GLOBAL INVESTORS U.S. LLC,
 C.A. No. 3:21−00345

<u>Southern District of New York</u>

ARKANSAS TEACHER RETIREMENT SYSTEM v. ALLIANZ GLOBAL
 INVESTORS U.S. LLC, ET AL., C.A. No. 1:20−05615
RETIREMENT PROGRAM FOR EMPLOYEES OF THE TOWN OF FAIRFIELD,
 ET AL. v. ALLIANZ GLOBAL INVESTORS U.S. LLC, C.A. No. 1:20−05817
LEHIGH UNIVERSITY v. ALLIANZ GLOBAL INVESTORS U.S. LLC, ET AL.,
 C.A. No. 1:20−07061
TEAMSTER MEMBERS RETIREMENT PLAN v. ALLIANZ GLOBAL INVESTORS
 U.S. LLC, ET AL., C.A. No. 1:20−07154
BLUE CROSS BLUE SHIELD ASSOCIATION NATIONAL EMPLOYEE BENEFITS
 COMMITTEE v. ALLIANZ GLOBAL INVESTORS U.S. LLC, ET AL.,
 C.A. No. 1:20−07606
METROPOLITAN TRANSPORTATION AUTHORITY DEFINED BENEFIT PENSION
 PLAN MASTER TRUST, ET AL. v. ALLIANZ GLOBAL INVESTORS U.S.LLC,
 ET AL., C.A. No. 1:20−07842
CHICAGO AREA I.B. OF T. PENSION PLAN & TRUST, ET AL. v. ALLIANZ
 GLOBAL INVESTORS U.S. LLC, ET AL., C.A. No. 1:20−07952
THE EMPLOYES RETIREMENT SYSTEM OF THE CITY OF MILWAUKEE v.
 ALLIANZ GLOBAL INVESTORS U.S. LLC, ET AL., C.A. No. 1:20−08642
CHICAGO & VICINITY LABORERS DISTRICT COUNCIL PENSION FUND AND
 CHICAGO & VICINITY LABORERS DISTRICT COUNCIL HEALTH &
 WELFARE FUND, ET AL. v. ALLIANZ SE, ET AL., C.A. No. 1:20−09478
THE BOARDS OF TRUSTEES FOR THE CARPENTERS HEALTH AND SECURITY
 TRUST OF WESTERN WASHINGTON AND FOR THE GROUP INVESTMENT
 TRUST OF THE CARPENTERS INDIVIDUAL ACCOUNT PENSION TRUST OF
 WESTERN WASHINGTON, ET AL. v. ALLIANZ SE, ET AL., C.A. No. 1:20−09479

UNITED FOOD & COMMERCIAL WORKERS UNION−EMPLOYER PENSION
  FUND, AND ITS TRUSTEES v. ALLIANZ GLOBAL INVESTORS U.S. LLC,
  ET AL., C.A. No. 1:20−09587
BOARD OF TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF
  ELECTRICAL WORKERS, LOCAL NO. 38 PENSION FUND PENSION PLAN v.
  ALLIANZ GLOBAL INVESTORS U.S. LLC, ET AL., C.A. No. 1:20−10028
BLUE CROSS AND BLUE SHIELD ASSOCIATION v. ALLIANZ GLOBAL
  INVESTORS U.S. LLC, C.A. No. 1:20−10848
MARCO CONSULTING GROUP TRUST I v. ALLIANZ GLOBAL INVESTORS U.S.
  LLC, ET AL., C.A. No. 1:21−00401
UNIVERSITY HEALTH, INC., ET AL. v. ALLIANZ GLOBAL INVESTORS U.S. LLC,
  ET AL., C.A. No. 1:21−01485

MDL No. 2996 − **IN RE: MCKINSEY & COMPANY, INC., NATIONAL PRESCRIPTION
  OPIATE CONSULTANT LITIGATION**

Motion of defendants McKinsey & Company, Inc.; McKinsey & Company, Inc. United States;
and McKinsey & Company, Inc. Washington D.C., to transfer the following actions to the United
States District Court for the Southern District of New York:

Southern District of Florida

THE CITY OF PEMBROKE PINES, FLORIDA v. MCKINSEY & COMPANY, INC.,
  C.A. No. 0:21−60305

Southern District of Illinois

ST. CLAIR COUNTY, ILLINOIS v. MCKINSEY & COMPANY, INC., ET AL.,
  C.A. No. 3:21−00251
MADISON COUNTY, ILLINOIS v. MCKINSEY & COMPANY, INC., ET AL.,
  C.A. No. 3:21−00254

Western District of Kentucky

GREEN COUNTY FISCAL COURT, ET AL. v. MCKINSEY & COMPANY, INC.
  UNITED STATES, ET AL., C.A. No. 1:21−00035

Eastern District of New York

THE COUNTY OF GENESEE, ET AL. v. MCKINSEY & COMPANY, INC.,
  C.A. No. 2:21−01039

Northern District of Ohio

YUROK TRIBE v. MCKINSEY & COMPANY, INC., C.A. No. 1:21−45026
HOOPA VALLEY TRIBE v. MCKINSEY & COMPANY, INC., C.A. No. 1:21−45027
KENAITZE INDIAN TRIBE, ET AL. v. MCKINSEY & COMPANY, INC.,
    C.A. No. 1:21−45028
FEATHER RIVER TRIBAL HEALTH, INC., ET AL. v. MCKINSEY & COMPANY,
    INC., C.A. No. 1:21−45032
SWINOMISH INDIAN TRIBAL COMMUNITY v. MCKINSEY & COMPANY, INC.,
    C.A. No. 1:21−45033
MONTGOMERY COUNTY OHIO, ET AL. v. MCKINSEY & COMPANY, INC.,
    C.A. No. 1:21−45037

Western District of Oklahoma

CITIZEN POTTAWATOMIE NATION v. MCKINSEY & COMPANY, INC.,
    C.A. No. 5:21−00170
CITY OF SHAWNEE, ET AL. v. MCKINSEY & COMPANY, INC., C.A. No. 5:21−00174
BOARD OF COUNTY COMMISSIONERS OF KAY COUNTY, ET AL. v. MCKINSEY
    & COMPANY, INC., C.A. No. 5:21−00176

Western District of Washington

KING COUNTY v. MCKINSEY & COMPANY, INC. UNITED STATES, ET AL.,
    C.A. No. 2:21−00221
SKAGIT COUNTY v. MCKINSEY & COMPANY, INC. UNITED STATES, ET AL.,
    C.A. No. 2:21−00226

Southern District of West Virginia

THE COUNTY COMMISSION OF MINGO COUNTY, ET AL. v. MCKINSEY &
    COMPANY, INC., C.A. No. 2:21−00079

MDL No. 2997 − **IN RE: BABY FOOD MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

Motion of plaintiffs Lori-Anne Albano, et al., to transfer the following actions to the United States District Court for the Eastern District of New York:

### Central District of California

ROBBINS v. GERBER PRODUCTS COMPANY, ET AL., C.A. No. 2:21−01457

### Northern District of California

GULKAROV v. PLUM, PBC, C.A. No. 4:21−00913
MCKEON, ET AL. v. PLUM, PBC, ET AL., C.A. No. 4:21−01113

### Northern District of Illinois

GARCES v. GERBER PRODUCTS CO., ET AL., C.A. No. 1:21−00719

### District of Kansas

JOHNSON, ET AL. v. BEECH−NUT NUTRITION COMPANY, ET AL.,
   C.A. No. 2:21−02096

### Western District of Missouri

SMITH, ET AL. v. THE HAIN CELESTIAL GROUP, INC., C.A. No. 4:21−00129

### District of New Jersey

SMID v. CAMPBELL SOUP COMPANY, ET AL., C.A. No. 1:21−02417
SHEPARD, ET AL. v. GERBER PRODUCTS COMPANY, C.A. No. 2:21−01977
MOORE v. GERBER PRODUCTS COMPANY, C.A. No. 2:21−02516
CANTOR, ET AL. v. GERBER PRODUCTS COMPANY, C.A. No. 2:21−03402

Eastern District of New York

WALLS, ET AL. v. BEECH−NUT NUTRITION COMPANY, ET AL.,
  C.A. No. 1:21−00870
STEWART, ET AL. v. HAIN CELESTIAL GROUP, INC., C.A. No. 2:21−00678
BREDBERG, ET AL. v. THE HAIN CELESTIAL GROUP, INC., C.A. No. 2:21−00758
MAYS v. HAIN CELESTIAL GROUP, INC., C.A. No. 2:21−00805
BOYD v. HAIN CELESTIAL GROUP, INC., C.A. No. 2:21−00884
MCKEON, ET AL. v. HAIN CELESTIAL GROUP, C.A. No. 2:21−00938
BAUMGARTEN v. THE HAIN CELESTIAL GROUP, INC., C.A. No. 2:21−00944
WILLOUGHBY v. HAIN CELESTIAL GROUP, C.A. No. 2:21−00970
LOPEZ−SANCHEZ v. THE HAIN CELESTIAL GROUP, INC., C.A. No. 2:21−01045
ZORRILLA v. HAIN CELESTIAL GROUP, INC., C.A. No. 2:21−01062
GALLOWAY v. HAIN CELESTIAL GROUP, INC., C.A. No. 2:21−01067
BACCARI, ET AL. v. HAIN CELESTIAL GROUP, INC., C.A. No. 2:21−01076
ALBANO, ET AL. v. HAIN CELESTIAL GROUP, INC., ET AL., C.A. No. 2:21−01118

Northern District of New York

THOMAS, ET AL. v. BEECH−NUT NUTRITION COMPANY, C.A. No. 1:21−00133
PEEK v. BEECH−NUT NUTRITION COMPANY, C.A. No. 1:21−00167
MOORE, ET AL. v. BEECH−NUT NUTRITION COMPANY, C.A. No. 1:21−00183
DOYLE v. BEECH−NUT NUTRITION CO., C.A. No. 1:21−00186
BOYD v. BEECH−NUT NUTRITION COMPANY, C.A. No. 1:21−00200
CANTOR, ET AL. v. BEECH−NUT NUTRITION COMPANY, C.A. No. 1:21−00213
HENRY v. BEECH−NUT NUTRITION CO., C.A. No. 1:21−00227
MOTHERWAY v. BEECH−NUT NUTRITION COMPANY, C.A. No. 1:21−00229
GANCARZ v. BEECH−NUT NUTRITION COMPANY, C.A. No. 1:21−00258

Southern District of New York

STEWART, ET AL. v. NURTURE, INC., C.A. No. 1:21−01217
SOTO v. NURTURE, INC., C.A. No. 1:21−01271
JAIN v. NURTURE, INC., C.A. No. 1:21−01473
SMITH v. NURTURE, INC., C.A. No. 1:21−01534
HAMPTON, ET AL. v. NURTURE, INC., C.A. No. 1:21−01882

Eastern District of Virginia

KEETER v. GERBER PRODUCTS COMPANY, C.A. No. 1:21−00269
MOORE v. GERBER PRODUCTS COMPANY, C.A. No. 1:21−00277

MDL No. 2998 − **IN RE: PORK DIRECT AND INDIRECT PURCHASER ANTITRUST LITIGATION**

Motion of plaintiffs Sysco Corporation and Cheney Brothers, Inc., to transfer the following actions to the United States District Court for the Southern District of Texas or, in the alternative, the United States District Court for the District of Minnesota:

Southern District of Florida

CHENEY BROTHERS, INC. v. AGRI STATS, INC., ET AL., C.A. No. 9:21−80424

Southern District of Texas

SYSCO CORPORATION v. AGRI STATS, INC., ET AL., C.A. No. 4:21−00773

MDL No. 2999 − **IN RE: ACTHAR GEL ANTITRUST LITIGATION**

Motion of plaintiffs City of Rockford, Steamfitters Local Union No. 420, United Association of Plumbers & Pipefitters Local 322 of Southern New Jersey, Acument Global Technologies, and International Union of Operating Engineers Local 542 to transfer the following actions to the United States District Court for the Northern District of Illinois:

Central District of California

HUMANA, INC. v. MALLINCKRODT ARD LLC, ET AL., C.A. No. 2:19−06926

Northern District of California

HEALTH CARE SERVICE CORP. v. MALLINCKRODT ARD LLC, ET AL.,
   C.A. No. 3:21−00165

Northern District of Georgia

CITY OF MARIETTA v. MALLINCKRODT ARD LLC, C.A. No. 1:20−00552

Northern District of Illinois

CITY OF ROCKFORD v. MALLINCKRODT ARD, INC., ET AL., C.A. No. 3:17−50107
MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. MALLINCKRODT ARD INC.,
   ET AL., C.A. No. 3:20−50056

-9-

District of New Jersey

UNITED ASSOCIATION OF PLUMBERS & PIPEFITTERS LOCAL 322 OF
    SOUTHERN NEW JERSEY v. MALLINCKRODT ARD, LLC, ET AL.,
    C.A. No. 1:20−00188

Eastern District of Pennsylvania

STRUNCK, ET AL. v. QUESTCOR PHARMACEUTICALS, INC., C.A. No. 2:12−00175
STEAMFITTERS LOCAL UNION NO. 420 v. MALLINCKRODT ARD, LLC, ET AL.,
    C.A. No. 2:19−03047
INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542 v.
    MALLINCKRODT ARD, INC. ET AL., C.A. No. 2:21−00114

Western District of Tennessee

ACUMENT GLOBAL TECHNOLOGIES v. MALLINKRODT ARD, INC., ET AL.,
    C.A. No. 2:21−02024

MDL No. 3000 − **IN RE: CHARLES HAYES FALSE IMPRISONMENT LITIGATION**

Motion of plaintiff Charles Hayes to transfer the following actions to the United States District
Court for the Eastern District of California or the United States District Court for the District of
Nevada:

Eastern District of California

HAYES v. KERN COUNTY, C.A. No. 1:19−01722
HAYES v. ROJAS, ET AL., C.A. No. 1:20−01820

District of Nevada

HAYES v. LAS VEGAS METROPOLITAN POLICE DEPARTMENT, ET AL.,
    C.A. No. 2:20−02048

MDL No. 3001 − **IN RE: GOOGLE PLAY STORE SIMULATED CASINO−STYLE
GAMES LITIGATION**

Motion of Plaintiffs Maria Valencia-Torres, Edgar Smith, Michael Brown, and Erica Montoya to transfer the following actions to the United States District Court for the Northern District of California:

Northern District of Alabama

VALENCIA−TORRES v. GOOGLE LLC, ET AL., C.A. No. 2:20−01651

Northern District of New York

BROWN v. GOOGLE, LLC, ET AL., C.A. No. 8:20−01311

MDL No. 3002 − **IN RE: ACCELLION, INC., CUSTOMER DATA SECURITY BREACH
LITIGATION**

Motion of plaintiff Grace Beyer to transfer the following actions to the United States District Court for the Northern District of California:

Northern District of California

BROWN v. ACCELLION, INC., C.A. No. 5:21−01155
ZEBELMAN v. ACCELLION, INC., C.A. No. 5:21−01203
RODRIGUEZ v. ACCELLION, INC., C.A. No. 5:21−01272
STOBBE v. ACCELLION, INC., C.A. No. 5:21−01353
PRICE v. ACCELLION, INC., C.A. No. 5:21−01430
BOLTON v. ACCELLION, INC., C.A. No. 5:21−01645
WHITTAKER v. ACCELLION, INC., C.A. No. 5:21−01708
COCHRAN, ET AL. v. ACCELLION, INC., ET AL., C.A. No. 5:21−01887
BEYER v. FLAGSTAR BANCORP, INC., ET AL., C.A. No. 5:21−02239

Eastern District of Michigan

ANGUS, ET AL. v. FLAGSTAR BANK, FSB, C.A. No. 2:21−10657
GARCIA v. FLAGSTAR BANK, F.S.B., C.A. No. 2:21−10671

Southern District of Ohio

JONES v. THE KROGER COMPANY, C.A. No. 1:21−00146
GOVAERT, ET AL. v. THE KROGER COMPANY, C.A. No. 1:21−00174
DOTY, ET AL. v. THE KROGER COMPANY, C.A. No. 1:21−00198

MDL No. 3003 − **IN RE: XIAOHUA HUANG PATENT LITIGATION**

Motion of defendants Enterasource, Inc.; Big Data Supply, LLC; and Hula Networks, Inc., to transfer the following actions to the United States District Court for the Northern District of California:

Central District of California

HUANG v. BIG DATA SUPPLY, INC., C.A. No. 8:21−00282
HUANG v. ENTERASOURCE, LLC, C.A. No. 8:21−00284

Northern District of California

HUANG v. TALENTED TECHNOLOGIES, C.A. No. 3:21−01912

Middle District of Florida

HUANG v. TRIFECTA NETWORKS LLC, C.A. No. 8:21−00698
HUANG v. XBYTE TECHNOLOGIES, C.A. No. 8:21−00712

Southern District of Florida

HUANG v. TRITON DATACOM ONLINE, INC., C.A. No. 0:21−60693

MDL No. 3004 − **IN RE: PARAQUAT PRODUCTS LIABILITY LITIGATION**

Motion of plaintiff Paul Rakoczy to transfer the following actions to the United States District Court for the Northern District of California:

Northern District of California

RAKOCZY v. SYNGENTA CROP PROTECTION, LLC, ET AL., C.A. No. 3:21−02083
DENES v. SYNGENTA AG, ET AL., C.A. No. 3:21−02416
O'CONNOR, ET AL. v. SYNGENTA AG, ET AL., C.A. No. 3:21−02495
ALBANESE, ET AL. v. SYNGENTA AG, ET AL., C.A. No. 3:21−02496
MAJORS v. SYNGENTA AG, ET AL., C.A. No. 4:21−02494

Southern District of Illinois

HEMKER, ET AL. v. SYNGENTA CROP PROTECTION, LLC, ET AL., C.A. No. 3:21−00211
PIPER v. SYNGENTA CROP PROTECTION, LLC, ET AL., C.A. No. 3:21−00228
RUNYON v. SYNGENTA CROP PROTECTION, LLC, ET AL., C.A. No. 3:21−00229

KEARNS, ET AL. v. SYNGENTA CROP PROTECTION LLC, ET AL., C.A. No. 3:21−00278
DURBIN v. SYNGENTA CROP PROTECTION LLC, ET AL., C.A. No. 3:21−00293

<u>Eastern District of Missouri</u>

HOLYFIELD, ET AL. v. CHEVRON U.S.A. INC., ET AL., C.A. No. 1:20−00165

<u>Northern District of West Virginia</u>

BARRAT v. SYNGENTA CROP PROTECTION LLC, ET AL., C.A. No. 3:21−00050

<u>Southern District of West Virginia</u>

TURNER v. SYNGENTA CROP PROTECTION LLC, ET AL., C.A. No. 2:21−00211

<u>Western District of Wisconsin</u>

TENNESON v. SYNGENTA CROP PROTECTION LLC, ET AL.,  C.A. No. 3:21−00231

## SECTION B
## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 2244 − **IN RE: DEPUY ORTHOPAEDICS, INC., PINNACLE HIP IMPLANT PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Tammy J. Nellenback to transfer of the following action to the United States District Court for the Northern District of Texas:

District of South Carolina

NELLENBACK v. DEPUY, INC., ET AL., C.A. No. 2:21−00533

MDL No. 2591 − **IN RE: SYNGENTA AG MIR162 CORN LITIGATION**

Opposition of plaintiffs Crumley Roberts, LLC, et al., to transfer of the following action to the United States District Court for the District of Kansas:

Southern District of Illinois

CRUMLEY ROBERTS, LLP, ET AL. v. HENINGER GARRISON DAVIS, LLC, C.A. No. 3:21−00315

MDL No. 2804 − **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**

Opposition of plaintiff Series 17-03-15, a designated series of MSP Recovery Claims, Series LLC, to transfer of the following action to the United States District Court for the Northern District of Ohio:

Southern District of Florida

SERIES 17−03−615, A DESIGNATED SERIES OF MSP RECOVERY CLAIMS, SERIES LLC, A DELAWARE SERIES LIMITED LIABILITY COMPANY v. PAR PHARMACEUTICAL, ET AL., C.A. No. 1:21−20797

-14-

MDL No. 2873 − **IN RE: AQUEOUS FILM−FORMING FOAMS PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs Bryan Jeffries, et al., to transfer of the *Jeffries* action; and Steven Brett Ogden et al., and defendant Intercontinental Terminals Company, LLC, to transfer of the *Ogden* action to the United States District Court for the District of South Carolina; and motion of defendants 3M Company; E.I. Du Pont De Nemours and Company; The Chemours Company; The Chemours Company FC, LLC; DowDupont, Inc.; Corteva, Inc.; Dupont de Nemours, Inc.; AGC Chemicals Americas, Inc.; and Archroma U.S., Inc., to transfer of the *Nessel* action to the United States District Court for the District of South Carolina:

       District of Arizona

JEFFRIES, ET AL. v. CHEMGUARD INCORPORATED, ET AL., C.A. No. 2:21−00059

       Western District of Michigan

NESSEL, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:21−00205

       Southern District of Texas

OGDEN, ET AL. v. INTERCONTINENTAL TERMINALS COMPANY, LLC, ET AL., C.A. No. 4:21−00273

MDL No. 2885 − **IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs to transfer of their respective following actions to the United States District Court for the Northern District of Florida:

       District of Minnesota

BELL, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:21−00382
LAKE, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:21−00386
MURPH, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:21−00387
PATRICK v. 3M COMPANY, ET AL., C.A. No. 0:21−00388

MDL No. 2921 − **IN RE: ALLERGAN BIOCELL TEXTURED BREAST IMPLANT PRODUCTS LIABILITY LITIGATION**

Motion of defendant Allergan USA, Inc., to transfer the following action to the United States District Court for the District of New Jersey:

<u>Western District of Louisiana</u>

CALAIS v. ALLERGAN USA, INC., C.A. No. 6:20−01304

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

(a)    Schedule. The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

(b)    Oral Argument Statement. Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard.  Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

(i) The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

(c)    Hearing Session. The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

(i) the dispositive issue(s) have been authoritatively decided; or

(ii) the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process.  Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

(d)    Notification of Oral Argument. The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

(i) Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.

(ii) The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

(e)    Duty to Confer. Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

(f)    Time Limit for Oral Argument. Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.